# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-76V
Filed: December 22, 2015
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```
JOSE DE LA CRUZ HERRERA,           *
                                   *
                Petitioner,        *
       v.                          *
                                   *    Attorney Fees and Costs; Stipulation
SECRETARY OF HEALTH AND            *
HUMAN SERVICES,                    *
                                   *
                Respondent.        *
                                   *
```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

*Anne Toale, Esq., Maglio Christopher and Toale, PA, Sarasota, FL, for petitioner.*
*Althea Davis, Esq., U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEY FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On January 26, 2015, Jose De La Cruz Herrera ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act"]. Petitioner alleged that he suffered Guillain-Barré Syndrome ("GBS") after receiving the influenza vaccine on November 19, 2013. Petition, ¶¶ 1, 5-6. On November 19, 2015, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation.

On December 21, 2015, the parties filed a Stipulation of Facts Regarding Final Attorneys' Fees and Costs. According to the stipulation, the parties stipulate to an

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

award of $9,376.12 for attorney's fees and costs and $3,760.00 for petitioner's out of pocket costs for a total amount of $13,136.12.  In compliance with General Order #9, petitioner has filed a statement indicating he incurred $3,760.00 in out of pocket costs.[3]

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300 aa-15(e).  Based on the reasonableness of petitioner's request and the lack of any objection by respondent, the undersigned **GRANTS** the request for approval and payment of attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $13,136.12[4] as follows:**

**1) a lump sum of $3,760.00 in the form of a check solely payable to petitioner and**

**2) a lump sum of $9,376.12 in the form of a check jointly payable to petitioner and petitioner's counsel, Anne C. Toale.**

**Per petitioner's request, both checks constituting the award for fees and costs should be forwarded to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota Florida 34236.**

**IT IS SO ORDERED.**

> s/Nora Beth Dorsey
> **Nora Beth Dorsey**
> Chief Special Master

---

[3] Additionally, petitioner's counsel represents that petitioner incurred $3,760.00 in out-of-pocket costs in this case.  Stipulation, ¶ 4.

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, 42 U.S.C. § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y, HHS*, 924 F.2d 1029 (Fed. Cir.1991).